IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAMON B. PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16−cv–1229−SMY |
| | ) | |
| JOHN COE, | ) | |
| BLANCHARD, | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| and | ) | |
| TOBY RICE | | |
| | | |
| Defendants. | | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Damon B. Parks, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensatory, punitive and nominal damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff is an insulin dependent diabetic. (Doc. 1, p. 5). On May 18, 2016, Plaintiff was transferred from Menard Correctional Center to Lawrence Correctional Center. (*Id.*). He had a medical permit to wear special canvas shoes due to his diabetes. (*Id.*). On May 19, 2016, Plaintiff reported to the clothing room at Lawrence where Defendant Rice and his staff instructed Plaintiff to trade the canvas shoes for vinyl boots. (*Id.*). Plaintiff explained that he had a permit for the canvas shoes and could not wear the boots due to his diabetes because his feet would become blistered and infected. (*Id.*). Rice ordered Plaintiff to make the exchange and told him he would be sent to segregation if he did not. (*Id.*).

Several hours later, 2 large sores appeared on Plaintiff's left foot. (Doc. 1, p. 6). Dr. John Coe examined Plaintiff and diagnosed him with diabetic ulcers on his left foot. (*Id.*). Coe prescribed daily dressing changes and silverdene cream. (*Id.*). He also renewed the prescription for diabetic shoes and gave Plaintiff a permit to allow him to wear shower shoes until the new shoes arrived. (*Id.*). Plaintiff asked if he could stay in the Health Care Unit ("HCU") until the ulcers healed, but Coe told him there were no openings in the HCU due to overcrowding. (*Id.*). Plaintiff was thus forced to walk around the prison on his injured feet. (*Id.*).

When Plaintiff saw Coe two weeks later, his feet had taken a turn for the worse. (*Id.*). They were painful, swollen, red and hot to the touch. (*Id.*). Although Coe noted that the infection was not healing, he told Plaintiff that he could not prescribe antibiotics because they cost too much and that Wexford would not approve of antibiotics to treat Plaintiff. (*Id.*). He also again denied Plaintiff's request for placement in the HCU. (*Id.*).

Approximately 3 hours later, Plaintiff noticed his sock was full of blood. (Doc. 1, p. 7). His foot had literally exploded. (*Id.*). Flesh was stuck to his sock, there was green and black tissue on his toes and holes in his flesh, up to the size of a quarter. (*Id.*). Plaintiff was returned to the HCU where he saw Coe and Blanchard, the Physician Assistant. (*Id.*). Coe instructed Blanchard not to make a note of this incident in Plaintiff's medical file. (*Id.*). Coe admitted Plaintiff to the infirmary but declined to refer him to a wound care specialist or any outside treatment provider. (*Id.*).

On July 6, 2016, Plaintiff was sent to a hospital in Champaign, Illinois and was informed that his foot was gangrenous and would have to be amputated. (Doc. 1, p. 8). The doctor also told Plaintiff that Coe had waited too long to send him to the hospital. (*Id.*). When Plaintiff returned to the prison, he was denied pain medication and physical therapy. (*Id.*).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 4 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. At this time, all of Plaintiff's claims survive threshold review:

> **Count 1** – Rice was deliberately indifferent to Plaintiff's diabetes in violation of the Eighth Amendment when he refused to allow Plaintiff to keep his prescribed diabetic shoes;

>**Count 2 –** Coe was deliberately indifferent to Plaintiff's diabetes in violation of the Eighth Amendment when he refused to admit him to the health care unit on May 19, 2016, refused to provide antibiotics or admit Plaintiff to the health care unit on June 2, 2016, and refused to refer Plaintiff in a timely manner to an outside medical provider;
>
>**Count 3 –** Blanchard was deliberately indifferent to Plaintiff's diabetes when she refused to document Plaintiff's foot condition on approximately June 2, 2016;
>
>**Count 4 –** Wexford Health Sources has an unconstitutional policy of instructing medical care providers not to prescribe antibiotics when medically indicated due to cost concerns.

In order to state a clam for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Here Plaintiff has alleged that he suffered from diabetes and that his feet were susceptible to diabetes-related complications. He alleges that Rice ignored his medical needs and insisted that he wear shoes that were unsuitable to his condition. He also alleges that Coe failed to

4

adequately address his condition and that Blanchard stood by and approved his conduct when she acquiesced in the request to falsify Plaintiff's medical records. This is sufficient to state a claim for deliberate indifference against these individuals. Although Plaintiff's allegations regarding Blanchard's participation in his care are minimal, liability can attach in a deliberate indifference claim against those that observe unconstitutional conduct and facilitate it, approve it, condone it, or turn a blind eye. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Because Plaintiff has alleged that Blanchard helped Coe cover up his lack of treatment, the claims against her will survive at this time.

Finally, Plaintiff alleges that at least some of Coe's treatment decisions were made pursuant to an unconstitutional policy promulgated by Wexford. For purposes of § 1983, the courts treat "a private corporation acting under color of state law as though it were a municipal entity," *Jackson v. Ill. Medi–Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002), so Wexford will be treated as a municipal entity for this suit. "[T]o maintain a § 1983 claim against a municipality, [a plaintiff] must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir. 2002) (*quoting Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)). Plaintiff has alleged that Coe acted pursuant to a Wexford policy of not prescribing expensive antibiotics. At this juncture, this allegation is sufficient to proceed against Wexford. Therefore, **Count 4** also survives threshold review.

### Pending Motions

Plaintiff's Motion for Recruitment of Counsel will be referred to a magistrate judge for disposition. (Doc. 3). Because Plaintiff has been granted leave to proceed in forma pauperis

and, as a result, the Court will have the defendants served, Plaintiff's Motion for Service of Process at Government Expense is **DENIED** as **MOOT**. (Doc. 4).

## Disposition

**IT IS ORDERED** that Plaintiff's **Counts 1-4** survive threshold review

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Coe, Blanchard, Wexford, and Rice: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served

on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Daly for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 16, 2016**

<u>s/ STACI M. YANDLE</u>

**U.S. District Judge**