IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMON PARKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-1229-SMY-RJD |
| | ) |
| JOHN COE, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Reona J. Daly (Doc. 54), recommending that the Court grant the motions for summary judgment on the issue of exhaustion filed by Defendants Wexford Health Sources, Inc., John Coe and Evelyn Blanchard (Doc. 35) and Tobey Rice (Doc. 38). Plaintiff filed a timely objection (Doc. 55) and Wexford, Coe and Blanchard (collectively, "the Wexford Defendants") filed a response (Doc. 56). For the following reasons, the Court **ADOPTS** the Report and Recommendation in its entirety.

Plaintiff Damon Parks, currently incarcerated in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence") through deliberate indifference to his medical needs. Defendant Rice was a clothing room supervisor at Lawrence, and Wexford provided healthcare services though (among other employees) Coe and Blanchard. After threshold screening, Plaintiff proceeded on claims that Rice refused to allow him to keep prescribed diabetic shoes and forced him to wear vinyl

shoes that caused diabetic ulcers on May 19, 2016; that Coe and Blanchard were deliberately indifferent to his diabetes in relation to his foot issues on May 19, 2016 and June 2, 2016; and that Wexford had a policy instructing its medical care providers not to prescribe antibiotics due to cost concerns.

Defendants moved for summary judgment, asserting that Plaintiff failed to exhaust his administrative remedies prior to filing suit. As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Judge Daly held an evidentiary hearing on Defendants' motions. Following the *Pavey* hearing, Judge Daly issued the R&R currently before the Court. The R&R accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process. Judge Daly found that Plaintiff failed to exhaust his administrative remedies as to all Defendants, because the grievances on record for Plaintiff's claims were filed beyond 60 days from the alleged incidents.

The Illinois Administrative Code, which governs the grievance procedure for IDOC inmates, requires the filing of a grievance within 60 days "after the discovery of the incident, occurrence or problem that gives rise to the grievance." ILL. ADMIN. CODE tit. 20, § 504.810. Judge Daly found that Plaintiff's grievance against Rice involved events on May 19, 2016 but was not filed until August 2, 2016. She further found that the events giving rise to Plaintiff's claims against the Wexford Defendants took place on May 19 and June 2, 2016, but the grievance was not filed until August 3, 2016. Both grievances were therefore filed after the 60 day cutoff.

Plaintiff alleges that he had filed two other grievances – on May 20, 2016 and July 21, 2016— which were never responded to by prison officials and which he asserts touched on these clothing and medical treatment issues. However, Judge Daly found that Plaintiff's assertions

regarding these "missing grievances" lacked specificity and credibility.  Additionally, IDOC's Cumulative Counseling Summary does not show any grievances on those dates, but does reflect that Plaintiff filed grievances near these dates (May 24 and July 21, 2016) on other issues that were dealt with in the normal course of business.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation.  28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).  The Court may accept, reject or modify the magistrate judge's recommended decision.  *Id.*  In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made.  *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st Ed. 1973) (1992 Pocket Part).

For his objection, Plaintiff argues that Judge Daly made several errors.  First, he states that he "really didn't have a chance" against Defendants' counsel without representation of his own, that the "jail house attorneys" had steered him wrong, and that he was badgered by the attorneys' questioning.  (Doc. 55 at 1).  Second, he alleges that Counselor Kathy Diane Musgrave perjured herself by stating that she met with Plaintiff in July 2016.  (*Id.*).  Finally, he objects to the Cumulative Counseling Summary and Counselor Musgrave's testimony because "if [the] grievances are never processed," they would not show up on that summary, and that emergency grievances go into "a different box[.]"  (*Id.* at 2).

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit.  42 U.S.C. § 1997e(a).  The Supreme Court has held that exhaustion of administrative remedies must be done "properly," because "no adjudicative

system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90–91 (2006). Proper exhaustion requires that a prisoner must file complaints and appeals in the place, at the time, and in the manner that the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002).

In this case, exhaustion required Plaintiff to file a grievance within 60 days of discovery of the conditions about which an inmate complains. Plaintiff does not challenge Judge Daly's finding that more than 60 days elapsed between the events which gave rise to the claims and the grievances filed in August 2016. And his objections to "not having a chance" against Defendants' counsel and being misled by legal advice from his fellow inmates are not challenges to accuracy of Judge Daly's findings and recommendation.

The Court construes Plaintiff's objection to the Cumulative Counseling Summary and Counselor Musgrave's testimony as a challenge to Judge Daly's findings regarding the "missing grievances" he allegedly filed within the 60 day time frame. During *Pavey* hearings, a court can make findings of fact and credibility assessments of witnesses. See *Pavey*, 663 F.3d at 904. Magistrate judges stand in the best position to assess a witness's credibility because they have the opportunity "to observe the verbal and nonverbal behavior of the witnesses . . . [including their] reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body movements." *Kraushaar v. Flanigan*, 45 F.3d 1040, 1052-53 (7th Cir. 1995).

Clearly, Judge Daly assessed the evidentiary value of the Cumulative Counseling Summary, the credibility of Counselor Musgrave, and Plaintiff's credibility regarding the missing grievances. Based on those assessments, she found that there was insufficient evidence to support Plaintiff's assertions that he filed missing grievances related to these defendants and

the conduct at issue, and that his testimony on those issues "lacked specificity and credibility." (Doc. 54 at 7). The Court finds no reason in the record to second-guess Judge Daly's credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations"). Overall, the Court finds Judge Daly's factual findings and rationale to be sound. Plaintiff did not properly exhaust his administrative remedies as to Defendants prior to filing suit.

Accordingly, the Court **ADOPTS** Magistrate Judge Daly's Report and Recommendation (Doc. 54). The motions for summary judgment (Docs. 35 and 38) are **GRANTED.** All other pending motions are **DENIED AS MOOT** and the case is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

**DATED: April 30, 2018**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**
