# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAMON B. PARKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 16-CV-1229-SMY-RJD |
| | ) |
| **JOHN COE, MRS. BLANCHARD,** | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| and **TOBY RICE,** | ) |
| | ) |
| **Defendants.** | ) |

# **MEMORANDUM AND ORDER**

Plaintiff's claims in this case arise from the treatment of his diabetes while he was incarcerated at the Lawrence Correctional Center in 2016. After conducting a *Pavey* hearing, Magistrate Judge Reona J. Daly issued a Report and Recommendation ("R&R"), finding Plaintiff failed to exhaust because he submitted untimely grievances, and recommending that Defendants' motion for summary judgment on the issue of the exhaustion of administrative remedies be granted (Doc. 54). Plaintiff filed an objection to the R&R, arguing that he should have been appointed counsel and that the evidence contradicting his claim that he filed timely grievances should not have been credited (Doc. 55).

After conducting a *de novo* review, this Court adopted Judge Daly's R&R in its entirety and ordered the dismissal of Plaintiff's claims without prejudice on April 30, 2018 (Doc. 61). Now before the Court are Plaintiff's "Petition for Rehearing Reconsideration for Exhaustion of Remedies", filed on May 2, 2018 (Doc. 62), which the Court construes as a Motion to Reconsider, and an Affidavit filed on August 9, 2018 (Doc. 63). Defendants have not filed a response to the Motion. For the following reasons, Plaintiff's Motion is **DENIED**.

It is unclear whether Plaintiff is requesting a rehearing before Judge Daly or seeks reconsideration of this Court's April 30, 2018 Order dismissing this matter. To the extent that he is seeking a rehearing, that request is untimely. Plaintiff should have sought such relief in his objection to Judge Daly's R&R. *See* FED.R.CIV.P. 72(b)(2) (stating that objections should be filed within 14 days of service of an R&R).

To the extent that Plaintiff is seeking reconsideration, his request will be construed as a Rule 60 motion because final judgment has not been entered in this case; it has been dismissed without prejudice. Rule 60(b) permits relief from an order for a number of reasons including mistake or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997). No exceptional circumstances exist in this case.

In his one-page motion, Plaintiff reasserts his conclusory contention that he submitted grievances to which he did not receive a response. He provides no further details or arguments. In any event, these arguments were previously considered by this Court and rejected. In his subsequently filed affidavit (Doc. 63), Plaintiff only states that he filed a grievance on July 14, 2018. But that grievance would have no bearing on the issue of whether he exhausted his administrative remedies in 2016. For these reasons, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 25, 2109**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**